Case number 22-2117, United States of America v. Justin Lindahl, oral argument not to exceed 15 minutes per side. Paul Nelson, for the appellant, you may proceed. Good morning, and may it please the Court, I'm Paul Nelson on behalf of Justin Lindahl, and I've asked for four minutes for rebuttal. Mr. Lindahl asked the Court to essentially strike down a condition of supervised release that constitutes a blanket prohibition against any contact with his wife. And basically the issue here is whether that prohibition is a greater deprivation of liberty than necessary to achieve the goals of supervised release. And to say again, going back, the Supreme Court noted that the purpose of supervised release, the principal purpose, is to assist individuals in their transition to community life. And preventing Mr. Lindahl from having communication with his wife, it's not only living with her but also any communication at all, would implicate that problem, especially if they have two children together, and it makes it very difficult in terms of their parenting decisions. Well, is this even right for us to look at? As I understand it, Mr. Lindahl is in custody right now, correct? Yes. And so the supervised release condition that you're talking about, obviously right now is not applicable because he's in custody. And it's also conditioned upon if the probation officer ultimately says, yeah, at this point you can't have contact, correct? Well, generally that's correct, but I guess number one, Mr. Lindahl will be released from custody in about four weeks on November 22. But also during the supervised release violation hearing at the end, the judge made clear that as far as dealing with this, when he talked about not prejudging, but what the judge did was leave in effect this condition and indicated that although the probation officer would have the ability to change that, that once he's out and modification of supervised release conditions, supposedly he's required to comply with that for at least a year. But that's something that he immediately upon being released from prison, then he will be subject to this condition that prohibits him having any contact with his wife. But he can go to the probation, argue to the probation officer that it not be enforced, that he have that. And there's a possibility that the probation officer will say, okay, well, I'll let you, we won't enforce this. Well, the probation officer had already made it clear with regard to this particular supervised release proceeding that he could not have any contact with his wife. And so based on that, that was brought up to the court and the court indicated that that would continue. But you don't think there's any possibility that it could be changed by the probation officer? I don't believe so, no. Say again, although in the government... I guess I'm not following you. If the judge is saying on the front end, you know, I'm not going to prejudge this, and presumably the reason the judge is saying that is because he has no idea what the condition of his wife is going to be at the time that he's released from custody. Perhaps she will have been clean for a period of time. And the circumstance for which the requirement is there is no longer there. Why are you saying that no matter what, he was going to be protected for this? Well, because I think one of the things the judge said was that he would have to go out and show for an extended period of time that basically to earn the privilege back to have communication with his wife. And again, this is more than just living with her. This is any communication whatsoever with her without the permission of the probation officer. And say back, although the government points out that was one of the conditions that the government dismissed, that he was violated initially for living with his wife and the probation officer said in the report, it's page ID 188, dealing with the nature of noncompliance for violation four, says the probation officer informed Mr. Lindahl on multiple occasions that he could not reside at that address due to the fact that his wife, an active drug user and felon, would be living there. And so that's the condition, that's the circumstances that this all arose in. And at the supervised release violation hearing, the court was asked for some, to at least relieve that condition somewhat, but the court said he's not going to do that until there's some, they show some, have some history behind them once he's out that shows that this is not going to be a problem. Well, you would agree, I guess we can move away from the timing question, but you, perhaps you don't agree, but it seems to me that that condition is rationally related to one of the interests in ensuring that he complies, that his conduct, it doesn't lead to recidivism, it doesn't lead to him engaging in the type of behavior for which he was convicted. Well, but I don't think that there's anything specific about his wife that makes that different, that there's nothing in the record that he has had any, that she's been involved in any criminal activity with him. Apparently in the record it doesn't say what she had been involved in, but there's nothing in the record that shows that they had been involved in anything together. And also as far as drug use, there's nothing that shows that in the past that this has been an issue, that with the two of them using drugs together or anything like that. And so there are other conditions, and again, it's the least restrictive condition to deal with the situation, and there are other conditions that, and most of them are already in place, that regular drug testing, home visits by the probation officer, counseling and so on, that all of these can deal with the situation and prevent Mr. Lindahl from backsliding without preventing him from having contact with his wife. Well, isn't it true, though, that all of those conditions were in place prior to his violations, which his violations went well beyond him having contact with his wife? That in fact wound up getting dismissed, and he did engage in additional conduct. So those conditions that you're talking about were not ultimately effective. But none of those conditions, none of the issues that he had involved his wife, that these were all independent of his wife and he was just told that he could not live with her. And arguably where they have issues, there are a lot of stressors on them, that they're trying to raise a family, they're both trying to deal with these issues, where he has indicated that her presence in dealing with her helped him, made things better for him, then if he's prevented from doing that at all, then it sort of creates, you know, adds to the problem that we're trying to eliminate here. And again, I just would note that this is not a mandatory condition that, for supervised release violation, and under the statute that it talked about the, that what the court should do is that interpret for the discretion to impose supervised release conditions that the court could, should look to the conditions for probation violations. And the condition for probation violation in 18 U.S.C. 3563 B.6 says, refrain from associating unnecessarily with specified persons. And so it's not, this is a blanket prohibition, the standard condition that shows up in the judgment form, which is a form prepared by the administrative office, and the sentencing commission did include that in a policy statement, but again, even right from the beginning, policy statements were not binding on the court. So this is not a binding condition that he can't, particularly to the extent of it, the scope of the condition that was imposed here. And also I know that the government had mentioned, well, this is something, and I'm not sure if it played into your original question, Judge Davis, about the fact that this had not been challenged before. And going back to the transcript of his initial sentencing and his original pre-sentence report, that this specific condition was not addressed. The pre-sentence report listed several conditions, discretionary conditions, that should be imposed. The court imposed them, and the court never said anything about this particular condition. So the issue never rose at all during his original sentencing back in, I believe it was in 2017. But this came up. This is something that had been an issue while he was on supervised release, and he brought it to the attention of the court. So I think even if it's something that potentially the probation officer may have some flexibility later on, I think it's still an issue that the court should know that you just can't impose this condition on someone to prevent them from having communication with their wife when there's nothing in the record that shows that that communication in the past caused any of the problems that he had. I think that's pretty much everything I have to state on this question. If the court has any questions, I'll be happy to answer them. Good morning. My name is Andrew Burge, and I'm an assistant United States attorney from the Western District of Michigan. And I appreciate the opportunity to answer your questions today. In preparing for oral argument, I realized I had quite a bit of clarification I needed to be doing on exactly what the government's position is on some of these issues. First of all, I just want to be clear, do not contest that Mr. Lindahl is now married, and he was not married at the time of his original sentencing. And I do not dispute that the probation officer implemented Standard Conditions 5 and 8. I think that's described in particular in the violation worksheet. But I think it's important for the court to distinguish between what the court orders and the way a probation officer implements the order. To the extent Mr. Lindahl, and he's kind of merged quite a bit throughout his brief, but to the extent Mr. Lindahl is challenging the court's order, implementing a standard condition of supervised release, or here it would be continue it, that was originally ordered, the original sentencing. And here at revocation, the court had the opportunity to either terminate supervised release at the end of revocation or continue it. Here the court ordered its continuation. And I think that's important because that means that, to some extent, issues that Mr. Lindahl could not have raised to the original sentencing because they weren't ripe, to the extent they're ripe now, I agree he can raise them. But if he wants to contest the way the probation officer had been implementing this particular condition, that's not properly before the court. He's got other avenues he would need to follow to address that. And so while he points to the sentencing transcript, I want to be clear on what the court did. There's no court order banning contact with his spouse. That's an issue about whether or how the probation officer may have implemented the condition. What he says at sentencing, the judge says, he's not going to decide whether or not he can connect with his wife. And he talks about restrictions on that sort of thing, which means he's recognizing that the probation officer is going to have some discretion in terms of the manner of how this is implemented, and he's not wanting to pull that discretion away. And that's consistent with the court's continuing the standard condition of Supervised Release 5 and 8, which address the probation officer's approval of where Mr. Lindahl lives and the extent his contact can be approved with his spouse. I also want to take a minute to talk about, since I'm conceding narrowly, that he can address the court's continuation of the condition that gives this probation officer some discretion, that that's supported by the record here. The issue isn't whether strict scrutiny applies. This court doesn't apply strict scrutiny. We addressed that in the briefs. The issue is really, is there enough in the record to show that this condition, continuing the probation officer's ability to sort of monitor this relationship, was that related to rehabilitation and protecting the public? So let me take a look at the careful review of the record that the district court and this court needs to do. For Mr. Lindahl, he admits he committed the underlying firearm offense because he was addicted. He had drugs on him and was under the influence at the time. He admits that. That's all reported in the PSR, page ID 66 and 67. He admits at that time he has a long and serious drug abuse problem. He was using meth all day, every day until his arrest. He was using heroin daily. And, of course, the supervisory lease violations here include an admission that he was possessing and using fentanyl on multiple occasions. So now let's look at Mrs. Lindahl, his now wife, and keep in mind that the standard is really for the probation officer to manage the risks. So what we know from the original PSR is that she's also a heroin addict. At the time, she was doing well and she had actually finished a rehab program and was coming out well in 2018. But we also know from the violation worksheet here, page ID 199, that at least by the end of 2021, she had been actively using again. And we do know also from the same violation worksheet that early in 2022, she was again in some sort of inpatient treatment program. And she's going to get out in spring of 2022. We know at some point that she's using again because the probation officer mentions at page ID 188 that she's an active user. And we also know the court references in the sentencing here that at the time he is sentencing Mr. Lindahl, that she is serving her own time in the state system. So let's take a look at whether or not she was a positive influence. We know that he did not follow the probation officer's directive not to live with his wife. That's starting in the spring at least of 2022. By July and November of 2022, he's committed 10 violations, including his possession of drugs. So when we look at what the probation officer is trying to do, what the court is trying to do with its front row seat on all this, it's trying to manage the risks. If you look at some of this court's precedent, United States v. Widmer, which is the court imposed restrictions on contact with a child because of the risks that posed. And if you look at United States v. Ritter, that dealt with the requirement of getting employer notice of a prior embezzlement conviction. And that was affirmed because the condition fosters the ability to remain law-abiding. Same thing with United States v. Barrage of this court. Again, it had to do with notifying an employer of a condition which affects liberty interests. That was affirmed because it assists the defendant in avoiding the conditions that led to the offense. So when we're talking about someone who's a heavy addict here, and the court also at sentencing specifically described it as trying to avoid an accident waiting to happen. The court had plenty of reason to impose a condition here, and I would ask the court to affirm. If you have any questions, I'd be happy to field them. Okay. Thank you very much. Mr. Nelson. Thank you. And I would note on page 30 of the transcript from the supervised release violation hearing back in December, lines 18 and 19, when the judge was talking about what's going to happen as far as this condition is concerned, that what the judge says and the way an individual like Mr. Lindahl or his wife get this condition set aside is by demonstrating compliant, clean and sober behavior over an extended period of time. And so I think that makes it clear that this is not some sort of speculative condition, that it's not ripe for being decided at this point. The judge made it clear that he's going to be subject to this condition for a significant amount of time. The judge also noted, and again I believe this is on page 29, that what he's not going to prejudge, that he says it's whether there's any ability on Mr. Lindahl's part to connect with his wife or not. So it's not even then, that's not even living with her, that's just having any contact with it. So that would include, for example, if he's trying to call his wife or they want to discuss child issues dealing with their children, that that would be prohibited without the... Is it in the record where the children in fact are? Pardon? Is it in the record where the children in fact are? I'm not sure. At one point... It doesn't seem too likely given the histories of both of them, that the children are living with either one of them. Well, it's my understanding and at some point, I can't remember off the top of my head right now, that there was some mention in the record that the children were living with Mr. Lindahl's mother-in-law. And I believe that was one of the locations where at that point she had been living there as well and that was when the probation officer said that he could not continue to stay there. But also in terms, and again, and maybe I misunderstood, that this is not something dealing with in a situation where we're talking about, and the statute talks about modifying a condition of supervised release. This is not an issue where Mr. Lindahl might have had the opportunity before to come in and say, I want to have contact with my wife and if the probation officer failed to approve that, he could ask the judge to change that. But now we're dealing with a new judgment with new conditions that specifically deal with this and I don't think that there's any sort of waiver here that he failed to raise this issue in the past and now he can't bring it at this point. But again, and just a couple of things, and from the sentencing transcript on page 21, which is page ID 291, Mr. Lindahl talked about having discussions with his wife and one of the things they wanted to do was to get out of Kalamazoo, which is an area where they had been living where they have a lot of their problems and they want to get away and get their family away and start this. And I think that, again, there's nothing specifically dealing with Mr. Lindahl's wife that shows that she actually is or has been a bad influence on him. There's speculation by the court that maybe that is and just generalities that being around another drug user is bad when you have drug problems yourself, but the specific issue here dealing with his wife is separate from that and there are ways to be able to deal with that and they have been dealt with in the past. So we'd ask the court to strike down this condition and allow Mr. Lindahl to have contact with his wife. Thank you. We appreciate the argument both of you have given and we'll consider the case carefully.